AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 3:23-mj-71724 MAG |
| MARTIN CERDA | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

FILED
Nov 16 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  November 1, 2023  in the county of  San Francisco  in the Northern District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit of ATF Special Agent Christian Farquhar.

☑ Continued on the attached sheet.

/s/ Christian Farquar
*Complainant's signature*

ATF Special Agent Christian Farquhar
*Printed name and title*

Approved as to form  /s/
AUSA Kevin J. Barry

Sworn to before me by telephone.

Date: 11/16/2023

*Judge's signature*

City and state:  San Francisco, CA

Hon. Sallie Kim, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Christian Farquhar, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), having been duly sworn, hereby declare and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging **MARTIN CERDA (CERDA)** with a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm (the TARGET OFFENSE), based his possession of a loaded firearm in the waistband of his pants on or about November 1, 2023, in San Francisco, California, in the Northern District of California.

### SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I am a Special Agent with the ATF, and I have been so employed since March of 2022. During this time, I have investigated, among other things, violations of the federal firearms laws, as well as crimes of violence. I have participated in the execution of criminal arrests and search warrants and have received training in, among other things, criminal procedure, search and seizure, firearms and narcotics investigations, and the identification and investigation of organized gangs. I am an investigative or law enforcement officer of the United States who is empowered by law to conduct investigations of and to make arrests for violations of Federal law, including the TARGET OFFENSE.

5. I have participated in numerous investigations involving violations of the TARGET OFFENSE discussed in this affidavit, and I am familiar with the facts and circumstances of the investigation. My role in this investigation, combined with my training and experience, information I have learned from other ATF agents and other law enforcement agencies, my discussions with witnesses involved in the investigation, and my review of records and reports relating to the investigation, all form the basis for the statements I set forth in this affidavit.

## APPLICABLE LAW

6. **Felon-in-Possession of a Firearm**. Under Title 18, United States Code, Section 922(g)(1), it is unlawful for any person convicted of a felony to knowingly possess a firearm. The elements of that offense are: (1) the person possessed a firearm; (2) at the time the person possessed the firearm, he or she had been convicted of a crime punishable by more than a year in prison; (3) the person knew that he or she had been convicted of a crime punishable by more than a year in prison; and (4) the firearm was in or affecting interstate commerce.

## STATEMENT OF PROBABLE CAUSE

7. On or about November 1, 2023, **MARTIN CERDA** was arrested by San Francisco Police Department (SFPD) officers near the 2000 block of Mission Street in San

Francisco, California, in the Northern District of California. Based on the facts described below, I have probable cause to believe that **CERDA** violated 18 U.S.C. § 922(g)(1) based on his possession of a firearm in his waistband at the time of his arrest and based on his criminal record.

8. On or about on November 1, 2023, SFPD officers were conducting an investigation into an earlier auto burglary and were stationed in the 700 block of Shields Street in San Francisco. While there, officers observed a white Acura sedan and saw a known subject, later identified as **CERDA**, get out the car and go into a residence on the 700 block of Shields Street. Officers conducted a records check on the Acura and confirmed it was stolen. Shortly thereafter, **CERDA** left the residence, got into the driver's seat of the Acura, and started to leave. Officers attempted to follow, but **CERDA** began driving in an unsafe manner, and officers were unable to maintain contact with his car.

9. Officers stayed in the area of the 700 block of Shields, and a short time later, **CERDA** returned. Officers maintained surveillance on **CERDA** and the Acura, and they were able to follow him to the Japantown area of San Francisco, which has a high incidence of auto burglaries. Officers observed **CERDA** park in the area of Buchanan Street south of Bush Street. After parking, **CERDA** approached a Mazda SUV. He shined a light into the vehicle, returned to the Acura, and then backed it into a driveway next to the Mazda. **CERDA** got out of the Acura and went to the back of the Mazda, where he was out of view of observing officers. One of the officers then heard the sound of glass breaking. **CERDA** then ran to the Acura and fled the area at a high rate of speed.

10. Officers were able to follow **CERDA** as he traveled to the Mission District of San Francisco. **CERDA** parked outside of a building on the 2000 block of Mission Street and entered a building there. Officers established surveillance around that area to effect an arrest on **CERDA**.

11. When **CERDA** left the building, officers placed him under arrest. When putting on handcuffs, and officer asked **CERDA** if he had any guns, knives, or needles on his person.

3

**CERDA** replied, "Yes." The officer lifted **CERDA's** shirt and saw a firearm in a holster tucked between **CERDA's** pants and body in his front waistband.

12. Officers seized the firearm and determined that it was a USA Ben Vicenzo Bernadelli, Model 1911 Carry B45, .45 caliber semi-automatic pistol, bearing serial number T0620-22AP08225. It was loaded with 8 rounds of .45 caliber ammunition. A computer records check of the firearm conducted by SFPD officers indicated the gun was stolen.

13. I have spoken with an ATF agent trained in the identification of interstate nexus of firearms and ammunition and have received verbal confirmation that the USA Ben Vicenzo Bernadelli, Model 1911 Carry B45, .45 caliber semi-automatic pistol, bearing serial number T0620-22AP08225, was in or has affected interstate commerce.

14. I have reviewed **CERDA's** criminal history. On or about June 11, 2010, **CERDA** was arrested and later convicted of a felony violation of California Penal Code Section 459, Second Degree Burglary, and related felony offenses. On or about April 19, 2012, **CERDA** was arrested and later convicted of a felony violation of California Health and Safety Code Section 11378, Possession of a Controlled Substance for Sale. On or about February 24, 2013, CERDA was arrested and later convicted of a felony violation of California Vehicle Code, Section 10851(a), Taking a Vehicle without Owner's Consent. On or about August 23, 2013, **CERDA** was arrested and later convicted of a felony violation of California Health and Safety Code Section 11378, Possession of a Controlled Substance for Sale. On or about November 14, 2014, **CERDA** was convicted of a felony violation of California Vehicle Code, Section 10851(a), Taking a Vehicle without Owner's Consent. He received a sentence of 730 days in jail for the conviction. On or about June 26, 2017, **CERDA** was arrested and later convicted of felony violations of California Vehicle Code, Section 10851(a), Taking a Vehicle without Owner's Consent and California Penal Code Section 459, Second Degree Burglary. On or about November 13, 2018, **CERDA** was arrested and later convicted of a felony violation of California Vehicle Code, Section 10851(a), Taking a Vehicle without Owner's Consent. He received a

sentence of 16 months in jail for the conviction.  On or about September 9, 2019, **CERDA** was arrested and later convicted of a felony violation of California Penal Code Section 487(a), Grand Theft, and he received a sentence of 480 days in jail for the conviction.  On or about November 7, 2019, **CERDA** was arrested and later convicted of a felony violation of California Vehicle Code, Section 10851(a), Taking a Vehicle without Owner's Consent.  He received a sentence of 2 years in jail for the conviction.

15. Based on the number of felony convictions and the imposition of sentences greater than one year, there is probable cause to believe that at on November 1, 2023, **CERDA** knew that he had been convicted of a crime punishable by more than a year in prison.

## CONCLUSION

16. Based on the information above, there is probable cause to believe that on or about November 1, 2023, **MARTIN CERDA** violated 18 U.S.C. § 922(g)(1), based on his possession of a firearm in his waistband while being a convicted felon.  Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

*/s/ Christian Farquar*
CHRISTIAN FARQUHAR
Special Agent, ATF

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on November 16, 2023.

_____
HONORABLE SALLIE KIM
United States Magistrate Judge